IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| The OHIO CASUALTY INSURANCE COMPANY,<br><br>     **Plaintiff,**<br><br>v.<br><br>JOHN W. SPRATLIN & SON, LLC, MADISON COUNTY, GEORGIA<br><br>     **Defendants.** | 1:06-cv-2420-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant John W. Spratlin & Son, LLC's ("Spratlin") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). (Mot. to Dismiss [7].)[1]

**I. FACTUAL BACKGROUND**

This is a declaratory judgment action brought by Plaintiff Ohio Casualty Insurance Company ("Plaintiff") asking the Court to declare that two separate insurance policies it provided to Spratlin do not afford coverage in a lawsuit pending against Spratlin in the State Court of Gwinnett County.

---

[1] Plaintiff moved for leave to file a Sur-Reply Memorandum in Opposition to Spratlin's Motion to Dismiss [11]. Sur-Reply are not anticipated by the Court's local rules, but because the Motion is unopposed, it is **GRANTED**.

Spratlin is a construction company primarily conducting business in the Georgia counties of Lincoln, Wilkes, Elbert, Greene and McDuffie, all of which lie in the Southern District of Georgia. Spratlin is a registered Georgia limited liability company with its only place of business and registered agent located in Lincolnton, Lincoln County, Georgia, also located in the Southern District of Georgia. Defendant Madison County lies in the Middle District of Georgia. In 2002, Spratlin purchased the insurance contracts which are the subject of this dispute from Plaintiff's agent, Franklin Insurance, located in Wilkes County in the Southern District of Georgia.

On March 5, 2005, Madison County filed an action against Spratlin in the State Court of Gwinnett County ("the Underlying Action"), alleging that Spratlin breached a construction contract in Madison County by failing to meet design criteria and causing a building to settle. Spratlin requested that, pursuant to the insurance contracts, Plaintiff provide its defense in the litigation. Plaintiff is currently funding Spratlin's defense under a reservation of rights, but argues that the insurance policies do not cover breach of contract and exclude coverage for the type of damages claimed in the Underlying Action.

On October 10, 2006, Plaintiff filed this declaratory judgment action based on diversity jurisdiction. Plaintiff asks this Court to declare that, under the terms of the insurance policies, Plaintiff is not responsible for defending Spratlin in the Underlying Action. On November 6, 2006, Spratlin filed a Motion to Dismiss for improper venue and lack of personal jurisdiction. Spratlin argues that it does not have sufficient contacts with the Northern District of Georgia to make it a resident for venue purposes. Spratlin asks that, if the Court finds dismissal inappropriate, the case be transferred to the Southern District of Georgia. Plaintiff argues that venue is proper in the Northern District because Spratlin has sufficient contacts with the Northern District of Georgia. In the alternative, Plaintiff asks the Court to transfer this case to the Middle District of Georgia if it finds that venue is improper.

## II.   DISCUSSION

Venue in diversity actions is governed by 28 U.S.C. § 1391:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
    (1)    a judicial district where any defendant resides, if all defendants reside in the same State,
    (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

>   substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). For purposes of venue under § 1391, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). In a state which has more than one judicial district, a corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." Id.

The primary issue before the Court is whether Spratlin can be said to "reside" in the Northern District of Georgia, thereby making venue proper under § 1391(a)(1).[2] Spratlin, as a corporate defendant, is deemed to reside in any district in Georgia within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. Thus, the relevant inquiry is whether Spratlin is subject to personal jurisdiction in this Court due to its contacts

---

[2] Both parties acknowledge venue in the Northern District of Georgia is not established under § 1391(a)(2), because this district is not the place where "a substantial part of the events or omissions giving rise to the claim occurred."

with the Northern District of Georgia.  Plaintiff has the burden of establishing that Spratlin is subject to personal jurisdiction in this district.  <u>Meier v. Sun Int'l Hotels, Ltd.</u>, 288 F.3d 1264, 1274 (11th Cir. 2002).

In <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985), the Supreme Court explained that a corporation may be subject to personal jurisdiction when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  <u>Burger King Corp.</u>, 471 U.S. at 474.  The Supreme Court further elaborated upon the meaning of this standard:

> [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person. . . . Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a "substantial connection" with the forum State.  Thus where the defendant "deliberately" has engaged in significant activities within a State, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and

>    protections" of the forum's laws it is presumptively not
>    unreasonable to require him to submit to the burdens of
>    litigation in that forum as well.

Id. (citations omitted).

"Due process contemplates two types of jurisdiction over the person: general and specific jurisdiction." Paul, Hastings, Janofsky & Walker, LLP v. City of Tulsa, 245 F. Supp. 2d 1248, 1253 (N.D. Ga. 2002); see also Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 747 (11th Cir. 2002) ("Personal jurisdiction may be general, which arise from the party's contacts with the forum state that are unrelated to the claim, or specific, which arise from the party's contacts with the forum state that are related to the claim."). The parties agree that specific jurisdiction is not present in this case because this lawsuit does not involve any activity by Spratlin taken in the Northern District of Georgia. Thus, the issue is whether general personal jurisdiction over Spratlin exists.

The Eleventh Circuit has held that "[a] foreign corporation's contacts with the forum that are unrelated to the litigation must be substantial in order to warrant the exercise of general personal jurisdiction." Meier, 288 F.3d at 1274. "The due process requirements for general personal jurisdiction are more stringent than for

specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." Id.

According to the uncontradicted affidavit of Spratlin's President, Spratlin's principal and only place of business is located in Lincoln County in the Southern District of Georgia. Spratlin primarily conducts business in the Georgia counties of Lincoln, Wilkes, Elbert, Greene and McDuffie, all of which are also in the Southern District of Georgia. Spratlin does not have an office or transact business in any county located in the Northern District of Georgia. In 2002, Spratlin performed two contracts in the Northern District--one contract in White County and one contract in Barrow County. The President of Spratlin testified that those two contracts constituted less than one percent of its work in the company's 30 year existence. Neither of the contracts have any relation to this action.

In 2002, Plaintiff insured Spratlin under two insurance policies. Spratlin obtained these policies through Plaintiff's agent, Franklin Insurance, located in Wilkes County, and all negotiations regarding the contracts occurred in Wilkes County and Lincoln County, both in the Southern District. Spratlin has apparently had no contact with Plaintiff in any county within the Northern District of Georgia. Plaintiff is currently defending Spratlin in the Underlying Action, a construction

contract dispute over work performed in Madison County, in the Middle District of Georgia. At issue in this case are the type of damages to the Madison County property and whether the insurance contracts require Plaintiff to defend Spratlin in the Underlying Action.

The Court cannot find that two jobs in 2002 consisting of one percent of Spratlin's total business constitute "substantial" or "continuous and systematic general business contacts" between Spratlin and the Northern District of Georgia.[3] Plaintiff's argument that Spratlin's participation in its defense in the Underlying Action created general jurisdiction in the Northern District is unconvincing. Venue was laid in the Underlying Action based on the residence of Spratlin's co-defendant--Spratlin did not choose to be sued in Gwinnett County, and its request that Plaintiff defend it in that action is not purposeful availment of the privilege of contracting business in the Northern District. Thus, the Court finds that Spratlin is not subject to personal jurisdiction in the Northern District of Georgia. Spratlin

---

[3] Plaintiff argues that these jobs "presumably includ[e] solicitation of work, negotiation and execution of contracts, and . . . performance" and thus constitute continuous contacts with the Northern District. There is, however, no evidence of this in the record before the Court, and Plaintiff's argument is pure speculation.

therefore does not reside in the Northern District of Georgia for purposes of venue under § 1391(a), and venue is improper here.

Where venue is improper, 28 U.S.C. § 1406 provides that the district court "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As previously discussed, venue may be laid in a judicial district where any defendant resides if all defendants reside in the same State. In this case, venue would be proper in both the Middle and Southern Districts of Georgia: co-defendant Madison County resides in the Middle District, Spratlin's principal place of business is the Southern District, and Spratlin's construction activities in Madison County, which triggered this insurance dispute, likely are sufficient to subject Spratlin to specific personal jurisdiction in the Middle District.

The Court finds that it is in the interest of justice to transfer this case to the Southern District of Georgia. First, while Spratlin may be said to "reside" in either district for venue purposes, most of its business activities and its principal place of business are in the Southern District of Georgia. Moreover, while Madison County resides in the Middle District, it is likely that Madison County will soon be

dismissed from this action.[4]  Spratlin obtained the insurance policies through Plaintiff's agent located in the Southern District of Georgia, and all negotiations regarding the contracts occurred in the Southern District of Georgia.  While the loss triggering the insurance contracts occurred in Madison County, every other consideration counsels towards transfer to the Southern District.  Because Spratlin resides in the Southern District, and the insurance contracts, which are the subject of this lawsuit, were negotiated and procured in the Southern District, the Court finds this case should be transferred to the Southern District of Georgia.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Spratlin's Motion to Dismiss [7] is **GRANTED IN PART** and **DENIED IN PART**.  This action is transferred to the Southern District of Georgia for resolution.  The Clerk of Court is **DIRECTED** to process this matter for transfer to that judicial district.  Plaintiff's Motion for Leave to File a Sur-Reply [11] is **GRANTED**.

---

[4] Madison County stated in its Answer that it will abide by the ruling of this Court with regard to insurance issues.  Plaintiff has indicated that if Madison County makes this agreement, it would dismiss Madison County from this action.

**SO ORDERED** this 30th day of April, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE